IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHRISTOPHER TROY JONES | ) | Case No. 09-21616 ABC |
| SSN: XXX-XX-1760 | ) | Chapter 7 |
| OKSANA ALEXANDROVNA JONES | ) | |
| SSN: XXX-XX-8889 | ) | |
| | ) | |
| Debtors. | ) | |
| TOM H. CONNOLLY, Chapter 7 Trustee | ) | |
| of the bankruptcy estate of Christopher | ) | |
| Troy Jones and Oksana Alexandrovna | ) | |
| Jones, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proc. No. |
| | ) | |
| vs. | ) | |
| | ) | |
| MACHOL & JOHANNES, LLC and | ) | |
| NORTH STAR CAPITAL ACQUISITION, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AGAINST MACHOL & JOHANNES, LLC AND NORTH STAR CAPITAL ACQUISITION, LLC TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO BANKRUPTCY CODE § 547 AND TO RECOVER SUCH TRANSFERS PURSUANT TO BANKRUPTCY CODE § 550**

Tom H. Connolly, Trustee ("Trustee") of the bankruptcy estate of Christopher Troy Jones and Oksana Alexandrovna Jones ("Debtors"), and Plaintiff herein, hereby files his complaint (the "Complaint") against Defendants Machol & Johannes, LLC ("M&J") and North Star Capital Acquisition, LLC ("North Star"), stating the following:

### JURISDICTION

1. This Court has original jurisdiction of these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2. Proceedings to determine, avoid or recover preferential transfers are core proceedings pursuant to 11 U.S.C. § 157(b)(2)(F).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4.     Upon information and belief, M&J is a law firm located at 600 Seventeenth Street, Suite 800 North, Denver, Colorado 80202.

5.     Upon information and belief, North Star is a Minnesota limited liability company authorized to do business in Colorado with a principal address of 170 Northpointe Parkway, Suite 300, Amherst, New York 14228.

## GENERAL ALLEGATIONS

6.     Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on June 15, 2009 (the "Petition Date").

7.     Thereafter, Tom H. Connolly was appointed Chapter 7 Trustee of the above estate and is the duly acting Chapter 7 Trustee.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers Pursuant to Bankruptcy Code § 547)

8.     The Trustee re-alleges paragraphs 1 through 7 of this Complaint and incorporates them as if fully set forth herein.

9.     Upon information and belief, M&J on behalf of North Star received $1,027.56 from Debtor Christopher Troy Jones through wage garnishments during the entire 90-day period immediately prior to the bankruptcy filing (the "Transfers").

10.    The Transfers were transfers of the Debtor's property.

11.    The Transfers were made to or for the benefit of M&J and/or North Star.

12.    The Transfers were made for or on account of an antecedent debt owed by the Debtor to North Star before such Transfers were made.

13.    The Transfers were made while the Debtor was insolvent.

14.    The Transfers were made on or within ninety (90) days before the Petition Date.

15.    The Transfers enabled North Star to receive more than it would receive if (i) the case were a case under Chapter 7 of Title 11 of the United States Code; (ii) the Transfers had not been made; and (iii) North Star received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

16.    All or a portion of the Transfers are avoidable as preferential transfers pursuant to Bankruptcy Code § 547(b).

17.    Trustee asserts that through discovery, it may become known that additional transfers were made by the Debtor to M&J and/or North Star during the Preference Period. Trustee

asserts that all or a portion of such additional payments are avoidable as preferential transfers under Bankruptcy Code § 547(b) and are included herein in the definition of "Transfers".

## SECOND CLAIM FOR RELIEF
### (Recovery of Transfers Pursuant to Bankruptcy Code § 550)

18. The Trustee re-alleges paragraphs 1 through 17 of this Complaint and incorporates them as if fully set forth herein.

19. On information and belief, Trustee alleges that M&J was the initial transferee of the Transfers.

20. On information and belief, Trustee alleges that M&J and North Star are entities for whose benefit such Transfers were made.

21. Pursuant to Bankruptcy Code § 550, Trustee is entitled to recover the value of the Transfers from M&J.

22. Pursuant to Bankruptcy Code § 550, Trustee is entitled to recover the value of the Transfers from North Star.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays that the Court enter an Order:

(a) declaring that the Transfers are avoidable and recoverable by the Trustee as preferential transfers pursuant to Bankruptcy Code §§ 547 and 550;

(b) awarding judgment in favor of Trustee and the bankruptcy estate and against M&J and North Star jointly and severally (i) in the amount of $1,027.56; or (ii) for such other amounts as may become known through discovery and proven at trial; and (iii) for all costs and attorneys' fees as provided by law; and

(c) for such other and further relief as this Court deems just and proper.

Date:  December 8, 2009.                Respectfully submitted,

TOM H. CONNOLLY, CHAPTER 7 TRUSTEE

*/s/ Tom H. Connolly*
Tom H. Connolly, Chapter 7 Trustee (#11689)
950 Spruce Street, Suite 1C
Louisville, CO 80027
Ph:  (303) 661-9292
Fx:  (303) 661-9555
tom@crlpc.com